The opinion of the court was delivered by
Duncan, J.
On the report of the prothonotáry, in pursuance of a former decretal order of this court, stating a new account, Abraham Adams, one of the executors, excepts, and prays the court to reconsider the principle on which, in the said decretal order, the prothonotary was directed to charge the executors jointly with the balance in the first settlement.
On argument, the court are of opinion that this proceeding of the last term, not being in its nature a final and definitive sentence and decree, and being so expressed in the order itself, they now consider the matter open for their reconsideration. The parties are at liberty now to adduce the proofs, on the question of joint liability.
It may be proper, to prevent misapprehension, to state the reason for this opinion of the court.
The business of the Orphans’ Court is in some degree regulated by the practice in the Court of Chancery: indeed this court is, in many respects, a Court of Chancery. Their proceedings are by petition in the nature of a bill in chancery; the testimony is by de *60 position, and their judgment, in many cases, is carried into effect by attachment. And here the very reference to the prothonotary was in conformity to the practice in a Court of Chancery, who was to act as a master in chancery. In no other way could the court delegate the power to the prothonotary.
I do hot say that, in all cases, the Orphans’ Court, or this court sitting on appeals from their tribunal, have all the discretionary power of a court of equity; but they unquestionably have been in the constant practice of exercising equitable powers.
The proceedings on appeal are de novo. The court do not simply reverse or affirm the decree of the Orphans’ Court, but modify it, or rather make a new decree, frequently on new testimony, and on new matter, not-brought before the Orphans’ Court.
The court do not now decide whether they would grant a rehearing on a final decree on proper grounds showing flagrant injustice: that is a question of a very different kind, — it is not now necessary to give an opinion on a question of great difficulty and novelty.
The decree was not final — many matters were reserved to be decided on before the final decree. In no sense could this be called final, when the court say, they will decide upon certain matters before the final decree. A decree to account is an interlocutory decree. 2 Madd. Ch. 347. 2 Atk. 387. A,decree is only considered as final where all the material facts in the cause have been ascertained, so as to enable the court to understand and decide upon the merits. Travis v. Waters, 12 Johns. Rep. 500, 508. But the case of Jaques v. The Methodist Episcopal Church, 17 Johns. 559, is directly on the point. A decree is final, where it settles the rights of the parties on the whole merits. The final decree, in that cause* was procured the 15th of June, 1818; but there had been a decree of June 27th, by which facts were to be ascertained, and the master made a further report in July, 1818, and this was necessary before a final report could be made, and all the judges concurred in the opinion of Sfenoer, C. J., that all these prior orders were open to be reversed, modified, aud altered, by the Chancellor, until he pronounced his final decree in the cause. In 1 Johns. Ch. 498, the same doctrine prevailed; and Radcliffe, J., says, it may frequently become indispensable to alter or modify the previous proceeding.
Appeals from the Orphans’ Court are limited to a very short time — one year: such a decretal order would be open until one year after the final decree of the cause — not one year after the de* eretal order to account»